UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL EDWARDS,

                              Petitioner,

v.                                                                             9:16-CV-945 (BKS/DJS)

MICHAEL KIRKPATRICK,

                              Respondent.
_____

Appearances:

Michael Edwards
11-A-5787
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929
*Petitioner, pro se*

Matthew B. Keller, Esq.
Hon. Letitia James
Office of New York State Attorney General
28 Liberty Street
New York, NY 10005
*Attorney for Respondent*

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

      Petitioner Michael Edwards, proceeding pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for criminal possession of a weapon in the second degree and his fifteen-year sentence. (Dkt. No. 1). The petition has been fully briefed, with an opposition from the Respondent, and a traverse in response from the Petitioner. (Dkt. Nos. 14, 17). This matter was assigned to United States Magistrate Judge Daniel J. Stewart

who, on October 9, 2018, issued a Report-Recommendation recommending that the petition be denied and dismissed, and that no Certificate of Appealability ("COA") be issued. (Dkt. No. 19). Petitioner filed objections to the Report-Recommendation on October 24, 2018, and the Respondent has submitted a letter brief in response. (Dkt. Nos. 20, 21).

This Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "Even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Machicote v. Ercole*, No. 06-CV-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Molefe*, 602 F. Supp. 2d at 487.

Petitioner raises five grounds for relief in his petition, asserting that: (1) the handgun should have been suppressed as the product of an illegal entry and search; (2) the evidence was insufficient to support the conviction; (3) prosecutorial misconduct in questioning witnesses deprived him of a fair trial; (4) he received ineffective assistance of trial counsel; and (5) the

sentence was unduly harsh. (Dkt. No. 1). After thoroughly reviewing the record and the applicable law, Magistrate Judge Stewart concluded that the petition should be denied. (Dkt. No. 19). Magistrate Judge Stewart determined that Petitioner's challenges to the sufficiency of the evidence and prosecutorial misconduct are barred by an independent and adequate state ground because Petitioner failed to preserve these claims by objecting at trial. (*Id.* at 6–8). Magistrate Judge Stewart nevertheless reviewed both claims on the merits and concluded that the evidence was more than sufficient and, considering the questioning at issue and the curative instructions, Petitioner was not deprived of his right to a fair trial. (*Id.* at 9–15). Magistrate Judge Stewart determined that Petitioner's challenge to the state court's failure to suppress the handgun at issue was not cognizable because he fully litigated that claim in the state court proceeding. (*Id.* at 8–9). After carefully considering each of Petitioner's assertions regarding ineffective assistance of trial counsel, Magistrate Judge Stewart concluded that his claim lacked merit. (*Id.* at 15–19). Finally, Magistrate Judge Stewart noted that because Petitioner's sentence was within the range prescribed by state law, his claim that the sentence was excessive is not a basis for habeas relief. (*Id.* at 19–20).

In his objection to the Report-Recommendation, Petitioner asserts that Magistrate Judge Stewart "overlooked" the fact that the state court "took a one-sided view of the evidence" in denying the motion to suppress, and argues that he was seized without probable cause. (Dkt. No. 20, at 1–2). However, as Respondent notes, Petitioner's subjective disagreement with the state court's view of the evidence is plainly insufficient to warrant habeas review of his fourth amendment claim. *See Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992). Petitioner's challenge to the state court's denial of his motion to suppress is, as Magistrate Judge Stewart concluded,

3

not subject to habeas review because Petitioner fully litigated this motion in the state court. (Dkt. No. 19, at 8–9). *See Graham v. Costello*, 299 F.3d 129, 133–34 (2d Cir. 2002).

In his objection Petitioner also reargues his claims concerning the sufficiency of the evidence, prosecutorial misconduct, ineffective assistance of counsel, and the harshness of his sentence. To the extent Petitioner simply seeks to relitigate his prior arguments, the Court need only review for clear error. And, as Respondent notes, Petitioner has not challenged Magistrate Judge Stewart's conclusion that Petitioner's challenges to the sufficiency of the evidence and prosecutorial misconduct are barred by an independent and adequate state ground because Petitioner failed to preserve these claims by objecting at trial. (Dkt. No. 19, at 6–8). *See People v. Edwards*, 124 A.D.3d 988, 990 n.*, 992 (3d Dep't 2015); *Richardson v. Greene*, 497 F.3d 212, 217–220 (2d Cir. 2007). In any event, having carefully reviewed all of Petitioner's objections *de novo*, the Court has found no error and therefore adopts Magistrate Judge Stewart's well-reasoned Report and Recommendation in its entirety.

For these reasons, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 19) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the petition (Dkt. No. 1) is **DENIED AND DISMISSED;** and it is further

**ORDERED** that no Certificate of Appealability ("COA") be issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with

the Local Rules.

**IT IS SO ORDERED.**

**Dated: January 14, 2019**

Brenda K. Sannes
U.S. District Judge